IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAMS & CONNOLLY, LLP**<br>725 12th Street<br>Washington, DC 20005<br>*Plaintiff*,<br><br>v.<br><br>**IDT CORPORATION,**<br>520 Broad Street<br>16th Floor<br>Newark, NJ 07102<br><br>*Defendant.* | Civil Action No. _____<br><br>**COMPLAINT** |

## I.   INTRODUCTION

1. Plaintiff Williams & Connolly LLP ("Williams & Connolly"), by and through their attorneys, file this Complaint against Defendant IDT Corporation, seeking to enforce IDT's contractual obligations. This Complaint is based on personal knowledge as to allegations concerning Williams & Connolly, and on information and belief as to all other allegations.

2. This action arises from IDT's refusal to pay $2 million in legal fees that IDT acknowledges it owes to Williams & Connolly. In particular, IDT has breached an agreement whereby Williams & Connolly agreed, as an accommodation to IDT, to permit IDT to spread the payment of its unpaid bills over the course of three years, with $1 million payable in each of September 2008, 2009 and 2010. IDT has failed to make the second payment under that agreement, and has informed Williams & Connolly that it does not intend to do so or

otherwise honor the agreement. Williams & Connolly seeks to enforce the terms of its agreement with IDT.

## II. PARTIES

3. Williams & Connolly is a limited liability partnership organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C.

4. IDT is a corporation organized under the laws of the state of Delaware, with its principal place of business in Newark, New Jersey.

## III. JURISDICTION AND VENUE

5. The parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

6. This Court has jurisdiction over IDT pursuant to D.C. Code Ann. § 13-423 because each of Plaintiff's causes of actions arises from IDT's transaction of business in this jurisdiction.

7. Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiff "resides" in this District within the meaning of 28 U.S.C. § 1391(c).

## IV. FACTUAL BACKGROUND

8. Between June 2006 and July 2008, Plaintiff Williams & Connolly represented Net2Phone, Inc., a wholly-owned subsidiary of IDT ("Net2Phone"), in the lawsuit captioned Net2Phone, Inc. v. eBay, Inc., et al, No. 062469-KSH-PS, a patent infringement suit brought by Net2Phone in the District of New Jersey ("the Skype lawsuit"). Williams & Connolly also provided legal services to IDT in connection with that lawsuit.

9. In the summer of 2008, IDT requested that its representation be transitioned to another law firm. IDT stated that it was very pleased with the legal services

Williams & Connolly had provided, but explained that it wished to transfer to a firm that would be less expensive.

10. At the time of IDT's request, it was undisputed between the parties that IDT owed Williams & Connolly over $3 million in unpaid legal fees and expenses.

11. Williams & Connolly promptly agreed to comply with IDT's request to transition to another firm. On July 25, 2008, Williams & Connolly formally withdrew from its representation of IDT and Net2Phone in the Skype lawsuit.

12. On or about September 18, 2008, the Chief Executive Officer of IDT traveled to Washington, D.C. to meet with Brendan V. Sullivan, Jr., a partner at Williams & Connolly, to discuss the unpaid fees IDT owed to Williams & Connolly.

13. IDT's CEO emphasized again that IDT was very pleased with the legal services Williams & Connolly had provided, and acknowledged the amounts owed to the Firm. Nonetheless, he requested that Williams & Connolly accommodate IDT by agreeing to permit IDT to pay the outstanding bills in installments.

14. Mr. Sullivan has known IDT's CEO for many years, knows of his reputation for the highest integrity and honesty, and has the utmost respect for him. Accordingly, Mr. Sullivan indicated his willingness to accommodate IDT. The parties entered into an agreement, which is memorialized in a letter sent by the IDT CEO to Williams & Connolly on September 22, 2008, a true and correct copy of which is attached herewith as Exhibit A (the "September 22, 2008 Agreement").

15. The September 22, 2008 Agreement states that:

> IDT agrees to pay Williams & Connolly, the remaining $3,000,000 balance according to the following schedule:
>
> - $1,000,000 within 7 days from the date hereof.
>
> - On or before September 30, 2009, IDT will make a second payment to Williams & Connolly of $1,000,000.
>
> - The third and final $1,000,000 payment will be paid as soon thereafter as possible but by no later than September 30, 2010 (two years from the date hereof).

Exhibit A at 1.

16. By entering into the September 22, 2008 Agreement, Williams & Connolly agreed to allow IDT to defer payment of amounts already overdue. This accommodation by Williams & Connolly was in part a result of IDT's agreement that the amounts it owed to Williams & Connolly would be paid as promised on or before the dates certain set forth in the September 22, 2008 Agreement.

17. IDT made the initial payment of $1 million required by the September 22, 2008 Agreement on or before September 29, 2008. That payment was authorized by an email from IDT's Chief Legal Officer ("IDT CLO"). Prior to being named Chief Legal Officer, the IDT CLO had served as IDT's Senior Litigation Counsel, and had personally supervised the underlying representation by Williams & Connolly. The internal email from the IDT CLO to IDT executives and/or employees endorsing the payment, which was eventually forwarded to Williams & Connolly, stated that "Pursuant to [the CEO's] agreement with Williams &


Connolly (attached), our first payment to W&C is due within 7 days of September 22, 200[8][1] (that is, September 29, 2008)." The first payment was thereafter wired to Williams & Connolly.

18. IDT's second payment of $1 million came due on or before September 30, 2009. IDT did not, however, make the second payment, thereby breaching the September 22, 2008 Agreement.

19. On October 7, 2009, Williams & Connolly sent IDT a letter explaining that IDT was in breach of the September 22, 2008 Agreement and requesting that IDT take immediate steps to remit the $1 million owed to Williams & Connolly.

20. IDT did not remedy its breach of the September 22, 2008 Agreement and remit the $1 million. Instead, on October 9, 2008, IDT founder and Chairman Howard Jonas ("Father") sent his son, Mr. Shmuel Jonas ("Son"), to Washington to meet with Williams & Connolly. Son represented that he was meeting with Williams & Connolly at the request of and on behalf of Father. Son stated that he was the "CEO in waiting" of IDT.

21. Son further represented that his father, the IDT Chairman, had sent him to communicate IDT's unwillingness to pay the outstanding bills despite the September 22, 2008 Agreement. Son acknowledged that Williams & Connolly had performed the legal services in question, and that IDT had no complaints about the provision of those services. Son further acknowledged the existence of the September 22, 2008 Agreement, and IDT's agreement to pay the outstanding $2 million. (Indeed, Son had been the recipient of the IDT CLO's email authorizing the first payment under the September 22, 2008 Agreement.) Nonetheless, Son stated that his father, Mr. Howard Jonas, simply did not want IDT to pay the fees despite the Agreement.

---

[1] The IDT CLO's email stated " . . . within 7 days of September 22, 200<u>9</u>" (emphasis added), a scrivener's error.

22. Mr. Sullivan asked Son about the reasons for IDT's refusal to honor the Agreement, which had been an accommodation to IDT. Son acknowledged that Williams & Connolly would win in court if Williams & Connolly filed a lawsuit to enforce the Agreement, but he explained that his Father had concluded that IDT "could harass Williams & Connolly for a couple of years and then settle out of court for a reduced amount."

23. Mr. Sullivan emphasized to Son that IDT should honor the Agreement. Son indicated that IDT would not make further payments to Williams & Connolly under the Agreement.

24. Son thus repudiated the September 22, 2008 Agreement entered into by the IDT CEO. The IDT CEO, for whom Mr. Sullivan continues to have the highest respect, played no role in this repudiation.

25. As of the filing of this lawsuit, IDT has not paid the unpaid balance, and has maintained its position that it will not abide by the Agreement with respect to the second or third installments of $1 million.

## COUNT I

### (Breach of the September 22, 2008 Agreement)

26. Plaintiff repeats and realleges paragraphs 1 through 25 above as if fully set forth herein.

27. IDT is a party to the September 22, 2008 Agreement, which is a valid and enforceable contract.

28. Pursuant to the September 22, 2008 Agreement, IDT agreed that "[o]n or before September 30, 2009, IDT will make a second payment to Williams & Connolly of $1,000,000." IDT did not make a second payment of $1,000,000 to Williams & Connolly on or before September 30, 2009.

29. By failing to make a second payment of $1,000,000 to Williams & Connolly, IDT has breached the September 22, 2008 Agreement.

30. Further, IDT has repudiated the September 22, 2008 Agreement, which constitutes a total breach thereof.

31. As a direct, proximate, and foreseeable result of IDT's breach of contract, Plaintiff has been damaged in an amount to be determined, including at a minimum the $2,000,000 due, and any fees, costs, and expenses resulting from the filing of this lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That the Court award Plaintiff damages for Defendant IDT's breach of the September 22, 2008 Agreement in the amount of $2,000,000;

b. That the Court order Defendant IDT to pay interest on the unpaid bills pursuant to D.C. Code Ann. § 15-108.

c. That the Court order Defendant IDT to pay Plaintiff's reasonable attorneys' fees, expenses, and any other costs related to the prosecution of this action; and

d. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

_____
Beth A. Stewart (DC Bar #486684)

725 12th Street, N.W.
Washington, D.C. 20005
Ph: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Williams & Connolly LLP*

October 16, 2009

# EXHIBIT A



**IDT Corporation**
520 Broad Street
Newark, NJ 07102 USA
P 973 438/1000
F 973 438/1503
www.idt.net

September 22, 2008

By Facsimile and First Class Mail
Brendan V. Sullivan, Jr., Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Re:   Net2Phone v. eBay and Skype

Dear Brendan:

This memorializes our September 18, 2008 agreement regarding IDT Corporation's payment of the remaining balance owed to Williams & Connolly LLP for work it performed in the litigation captioned Net2Phone, Inc. v. eBay, Inc., et al, No. 06-2469-KSH-PS (D.N.J.).

IDT agrees to pay Williams & Connolly, the remaining $3,000,000 balance according to the following schedule:

- $1,000,000 within 7 days from the date hereof.

- On or before September 30, 2009, IDT will make a second payment to Williams & Connolly of $1,000,000.

- The third and final $1,000,000 payment will be paid as soon thereafter as possible but by no later than September 30, 2010 (two years from the date hereof).

If any of the foregoing does not comport with your understanding of our agreement, please let me know as soon as possible.

Once again, let me thank your firm for its understanding and cooperation.

Sincerely,

Jim

Jim Courter

PS — It was good seeing  — thank you —

Jim

NYSE: IDT